Nicholas M. Pettb, J.
Plaintiff moved by order to show cause upon affidavit and the summons and complaint in this action, for an order to enjoin the defendants from holding a meeting of the stockholders and/or directors for the purpose of electing new directors of the corporations or removing plaintiff from said board of directors.
Plaintiff set forth five causes of action in his complaint.
With respect to the first cause of action against the defendants Brecher, Mark and Island Holding Corp., the crux of the complaint is that said defendants in violation of a parol agreement between defendant Brecher and the plaintiff, unlawfully issued 40% of the capital stock of Island Holding Corp., to the defendant Brecher, 40% to the plaintiff and 20% to the defendant Mark, instead of 50% to the plaintiff and 50% to the defendant Brecher as provided by said parol agreement; and that such issuance of stock to the defendant Mark was made without his paying or giving any consideration therefor, and that he had no actual interest in said stock and was merely a nominee of the defendant Brecher.
The second cause of action against the defendants, Brecher, Laikin, Mark and Grade Manor, Inc., similarly alleges that in violation of the parol agreement between plaintiff and defend *638 ant Brecher, that 50% of the Class A capital stock of Gracie Manor, Inc., be issued to the plaintiff, 35% of said stock was issued to him, 35% to defendant Brecher, 20% to defendant Laikin and 10% to defendant Mark, and that the issuance of such stock to defendants, Laikin and Mark, was made without said defendants paying or giving any consideration therefor, and that they had no actual interest in said stock, and were merely nominees of the defendant Brecher.
The plaintiff on the argument of this motion before me on November 12, 1957 withdrew his application with respect to all the corporations, except Island Holding Corp. and Gracie Manor, Inc., so that for the purposes of this motion, it is unnecessary to consider the third, fourth and fifth causes of action set forth in the complaint.
The answering affidavit contains documentary proof which clearly refutes plaintiff’s claim that he was to receive 50% of the aforesaid stock of said corporations and convincingly shows that said stock issues were lawfully and properly made, and also clearly refutes plaintiff’s contentions that the defendants Mark and Laikin gave no consideration for their stock in said corporations. The minutes of the special meeting of stockholders of Island Holding Corp., held on June 25, 1953, which are signed by plaintiff, as chairman, and the fact that he signed the certificates of said corporation’s stock issued to the defendants Brecher and Mark, as well as to himself, are annexed to the answering affidavit, together with all the checks showing payment for the Class A stock issued to the defendants Brecher, Laikin and Mark of the Gracie Manor, Inc., as well as the facts showing the financing by means of loans to obtain the funds with which the stock of Gracie Manor, Inc., was initially purchased, and checks showing the purchase of said stock by defendants Brecher, Laikin and Mark. The documentary proofs clearly show that the stock of Gracie Manor, Inc., was not paid from any assets or interests in Van Roen Homes Inc., and Island Holding Corp., and that plaintiff has not invested any money in Gracie Manor Inc.
The courts will not generally interfere with the internal affairs of a corporation and plaintiff’s right to the relief he seeks should be crystal clear (Matter of Hoe & Co. [Cullom-Rein], 137 N. Y. S. 2d 142, affd. 285 App. Div. 927, affd. 309 N. Y. 719).
The stockholders of the corporation can only be determined from the stock record book of the corporation. The affairs of the corporation could be easily disrupted if the mere claim of a stock interest by a third person could enjoin the corporation *639 from carrying on its affairs. It has been held that equitable title to stock was not enough even though the stockholder might be able to enforce his equitable title in a proper action (Matter of Utica Fire Alarm Tel. Co., 115 App. Div. 821).
Section 60 of the Stock Corporation Law permits the board of directors to remove its officers at pleasure (Matter of Roosevelt Leather Hand Bag Co., 68 N. Y. S. 2d 735) and it is significant to note that the certificates of stock of Gracie Manor, Inc. have legibly printed on the face thereof that directors may be removed with or without cause.
It has been held that the alleged inadequacy of the consideration paid by a stockholder for stock, on a motion for a temporary injunction, is no basis for the granting of such a motion (Meshel v. Phoenix Hosiery Co., N. Y. L. J., July 9, 1953, p. 50, col. 8).
Upon all the facts disclosed on this motion this court is unable to find that the plaintiff is entitled to the discretionary relief of a temporary injunction pendente lite and must therefore deny plaintiff’s motion.
Motion denied. Submit order.